# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| CHAD WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| CASCADE RECEIVABLES ) | |
| MANAGEMENT, LLC; TRINITY ) | |
| EMERGENCY PHYSICIANS, LLC; ) | |
| CASCADE CAPITAL, LLC SERIES B; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Chad Watts, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted

business here, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, Chad Watts, is over the age of nineteen (19) years and is a resident of the city of Dora in Walker County, Alabama.

2. Defendant CASCADE RECEIVABLES MANAGEMENT, LLC (hereinafter "CRM") is and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware with its principal place of business in Petaluma, California. Plaintiff asserts that, upon information and belief, Defendant CRM is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6). Plaintiff asserts that at all relevant times herein, CRM was in the business of collecting debts from consumers residing in this District or otherwise doing business in this District.

3. Defendant TRINITY EMERGENCY PHYSICIANS, LLC (hereinafter "TEP") is and at all times pertinent herein was a domestic limited liability company organized under the laws of the state of Alabama and was doing business at all relevant times herein in the state of Alabama and in this District.

4. Defendant CASCADE CAPITAL, LLC SERIES B (hereinafter "Cascade Capital") is is and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware. Plaintiff asserts that at all relevant times herein, Cascade Capital was doing business in this District.

5. The events or omissions that give rise to the claims made in this complaint all occurred within the Northern District of Alabama.

## STATEMENT OF FACTS

### *Background*

6. Plaintiff, Chad Watts, suffered an on-the-job injury on or around April 11, 2018.

7. On or about April 13, 2018, Plaintiff sought medical care at the emergency department at Trinity Medical Center.

8. Physicians employed by or otherwise affiliated with Defendant TEP provided medical care to the Plaintiff at Trinity Medical Center on or about April 13, 2018.

9. Under the Alabama Workers' Compensation Act, medical providers, such as TEP, who render medical care to injured workers, such as the Plaintiff, are limited to a fee schedule established by the Alabama

       Workers' Compensation Medical Services Board for the cost of medical treatment provided. The authority for this schedule of maximum fees is found at Ala. Code § 25-5-313.

10. Ala. Code § 25-5-313 states specifically that: "The liability of the employer for the payment of services rendered by physicians shall not exceed those maximum fees established by the board and approved by the Governor." Ala. Code § 25-5-313 goes on to state that: "The employees shall not be liable to the physician for any amount in excess of the schedule of maximum fees established by the board and approved by the Governor."

11. As Plaintiff sought care for an on-the-job injury, his employer's workers' compensation insurer, Accident Fund Insurance Company of America, was responsible for any medical charges incurred by the Plaintiff as a result of the April 13, 2018 emergency room visit at Trinity Medical Center.

12. Defendant TEP charged Plaintiff $1,180.00 for the medical care provided to him on April 13, 2018.

13. Pursuant to the maximum schedule of fees in effect at the time TEP provided Plaintiff with medical services, Plaintiff's employer's

workers' compensation insurer, Accident Fund Insurance Company of America paid TEP one hundred eighty-three dollars and thirty-two cents ($183.32) for the medical services provided by TEP to the Plaintiff on April 13, 2018.  Payment to TEP was made on October 9, 2018.

### *Defendant Cascade Receivables Management, LLC's collection of the debt*

14. On or about June 5, 2019, Defendant CRM sent a letter to Plaintiff in an effort to collect the $1,180.00 charged by TEP for the April 13, 2018 medical services.  On the collection letter, TEP is listed as the "Original Creditor."

14. The June 5, 2019 collection letter further lists the "Current Creditor" as Defendant "CASCADE CAPITAL LLC SERIES B."  Upon information and belief, Defendant TEP sold or otherwise assigned the $1,180.00 debt for medical services provided to the Plaintiff to Cascade Capital.

15. The debt sold by or otherwise assigned by TEP to Cascade Capital was paid by Plaintiff's employer's workers' compensation insurer pursuant to the schedule of maximum fees.  Plaintiff, under Alabama law, is not responsible for any amount in excess of what the

maximum schedule of fees provides for the cost of the medical care given to the Plaintiff. Plaintiff, at no time, owed this debt. Further, the collection letter does not even credit the amount of money paid by Plaintiff's employer's workers' compensation insurer to TEP for this medical care but rather seeks the entire $1,180.00 originally charged for TEP's medical services provided to the Plaintiff.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant CRM and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff. Plaintiff alleges that CRM's violations include **but are not limited to** violations of sections 1692e(2)(A) and 1692f(1) of the Fair Debt Collection Practices Act.

18. As a result of Defendant CRM's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant CRM.

## COUNT TWO
## NEGLIGENCE

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants and their employees or agents failed to prevent and/or negligently participated in improper collection activities in the course of collecting debts allegedly owed by Plaintiff.

21. Defendant TEP acted negligently when it sold or otherwise assigned the $1,180.00 fee for medical services rendered to the Plaintiff to Cascade Capital when it knew or should have known that it the charges were for care for a workers' compensation injury, that TEP had been paid by Plaintiff's employer's workers' compensation insurer pursuant to the applicable schedule of maximum fees and that Plaintiff, as an injured worker, was not responsible or liable for the debt or for any amount in excess of the fee schedule under Alabama law.

22. Defendant Cascade Capital acted negligently when it placed the full amount of the alleged original debt for collection with CRM in order to attempt to collect the alleged debt directly from the Plaintiff when Cascade Capital knew or should have known that the debt was not owed by the Plaintiff and/or that TEP received payment from Plaintiff's employer's workers' compensation insurer for the debt.

23. Defendants TEP and Cascade Capital through their agents and employees breached their respective duties causing Plaintiff harm, including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

24. TEP's and Cascade Capital's employees and/or agents' negligent acts and omissions were done within the scope of employment or agency with either TEP or Cascade Capital.

## COUNT THREE
## WANTONNESS

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants TEP, Cascade Capital or their respective employees or agents acted or failed to act with a reckless or conscious disregard of

the rights of Plaintiff with an awareness that harm likely or probably would result.

27. As a result of Defendants' wanton conduct, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

28. TEP's and Cascade Capital's employees and/or agents' wanton acts and omissions were done within the scope of employment or agency with either TEP or Cascade Capital.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

31. The Defendants knew or should have known that said conduct was improper and violated the law.

32. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

33. Defendant CRM negligently failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

34. Defendant TEP negligently failed to train and supervise its employees or agents to avoid or prevent selling debts that were already paid or satisfied and/or not crediting payments made on debts owed to it and/or not training or supervising its employees or agents regarding the schedule of maximum fees and that injured workers are not responsible for amounts in excess of the schedule of maximum fees.

35. Defendant Cascade Capital negligently failed to train and supervise its employees or agents to avoid or prevent placing debts for collection that were not owed and/or for collecting amounts in excess of what is legally owed.

36. As a result of Defendants' negligence, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

39. The Defendants knew or should have known that said conduct was improper and violated the law.

40. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

41. As a result of Defendants' reckless and wanton conduct, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur mental and emotional suffering, frustration, anguish, embarrassment, inconvenience, physical pain, outrage and anxiety.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in both compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and

further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant CRM's conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees from CRM for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

### **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Mr. Chad Watts
8686 County Line Rd.
Dora, AL 35062

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**CASCADE RECEIVABLES MANAGEMENT, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**TRINITY EMERGENCY PHYSICIANS, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**CASCADE CAPITAL, LLC SERIES B**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808